UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MARY LOU PEYTON | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:18-cv-106 |
| | ) |
| HENRY SCHEIN, INC. | ) |
|         Defendant. | ) |

**COMPLAINT FOR DAMAGES**
(Demand for Jury Trial)

Comes now the Plaintiff, Mary Lou Peyton, and for her Complaint against the Defendant, Henry Schein, Inc. ("Henry Schein") states as follows:

NATURE OF CAUSE

1. This action is brought under the provisions of 29 U.S.C.A. § 2601 and under 28 U.S.C.A. § 1331 to redress and enjoin unlawful employment practices.

JURISDICTION

2. Mary Lou Peyton ("Mary Lou") is a sixty (60) year-old female citizen of the United States and a resident of this judicial district.

3. Henry Schein is a New York corporation doing business in Evansville, Indiana.

4. Henry Schein is doing business under the assumed business name of Sullivan-Schein Dental.

5. At all times relevant to this Complaint, Henry Schein employed more than fifty (50) people.

6. At all times relevant to this Complaint, Henry Schein was an employer within the

meaning of 29 U.S.C.A. § 2611.

7. The unlawful employment practice complained of in this Complaint occurred in Evansville, Indiana, and venue is proper within this District.

## GENERAL ALLEGATIONS

8. Mary Lou worked at Henry Schein as a field sales consultant for approximately fifteen (15) years until she was terminated on April 24, 2018.

9. In January, 2018, Mary Lou's husband, who also works for Henry Schein, was diagnosed with a recurrence of Stage IV bladder cancer.

10. Initially during her husband's treatment, Mary Lou continued to work, making sales calls, taking orders, and traveling great distances to service her accounts.

11. Caring for her husband and traveling with him to appointments made it difficult for Mary Lou to perform at the level at which she was previously performing. However, despite caring for her husband battling stage IV cancer, Mary Lou was still able to outperform many other Henry Schein sales consultants.

12. On or about April 3, 2018, Mary Lou's supervisor presented Mary Lou with a "Final FSC Sales Performance Warning," increasing Mary Lou's sales goals for the month of April.

13. The "Final Warning" indicated that Mary Lou had until April 27, 2018 to meet or exceed her goals.

14. In early April, 2018, Mary Lou continued to attend treatment with her husband and work toward her increased sales goals.

15. In mid-April, 2018, Mary Lou learned from her husband's medical providers that her husband would need around-the-clock care for one week in April after he underwent treatment.

16. Subsequently, Mary Lou submitted a request for FMLA leave on or about April 18,

2018 and provided the Human Resources department with initial paperwork indicating that the reason for the leave was to care for her husband.

17. Mary Lou's request for FMLA leave was both a request for continuous leave from April 16 to April 20, 2018 and a request for intermittent leave from April 23, 2018 to April 22, 2019.

18. Liberty Mutual, Henry Schein's third-party administrator, informed Mary Lou that she must submit additional paperwork by May 2, 2018 for her continuous leave application and May 7, 2018 for her intermittent leave application to be properly processed.

19. Mary Lou was off work caring for her husband from April 16-20, 2018.

20. On April 24, 2018, three days prior to the goal deadline provided in her Final Warning, and just her second day back from leave, Henry Schein terminated Mary Lou for failing to meet her April sales goals.

## COUNT I – FMLA VIOLATION

21. Mary Lou incorporates herein by reference each and every allegation contained in paragraphs 1 through 20.

22. Mary Lou was entitled to FMLA leave.

23. Henry Schein failed to adjust its sales expectations in assessing performance to avoid penalizing Mary Lou for being absent during FMLA leave.

24. By its actions, Henry Schein interfered with, restrained, and/or denied Mary Lou her rights under the FMLA and terminated her in violation of the FMLA.

25. Henry Schein also retaliated against Mary Lou for her application for FMLA leave.

26. Henry Schein's actions were willful and intentional.

27. As a direct and proximate result of Henry Schein's actions, Mary Lou has suffered

and continues to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Mary Lou respectfully prays for judgment against Henry Schein including but not limited to:

a. Compensatory damages, including unpaid wages, front pay, benefits, prejudgment interest, and other compensations due and owing;

b. Liquidated damages pursuant to 29 U.S.C.A. § 2617;

c. Costs incurred in pursuing this action, including reasonable attorney fees and the fees of Mary Lou's experts, if any;

d. This Court retaining jurisdiction of this action to ensure full compliance by Henry Schein with the Court's judgment and decree; and

e. All such other relief to which Mary Lou may be entitled and which may be just and proper in the premises.

BARBER & BAUER, LLP
124 SE First Street, Suite 101
Evansville, Indiana 47708
Telephone: (812) 425-9211

By:  */s/ Erin Bauer*
      Erin Bauer, No. 27733-82

## JURY DEMAND

Mary Lou demands trial by jury on all counts of this Complaint

BARBER & BAUER, LLP
124 SE First Street, Suite 101
Evansville, Indiana 47708
Telephone: (812) 425-9211

By:  */s/ Erin Bauer*
      Erin Bauer, No. 27733-82